UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 01-4781

EUGENE ROBERT RICE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Chief District Judge.
(CR-99-513-S)

Submitted: May 23, 2002

Decided: June 11, 2002

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Harry D. McKnett, Columbia, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, James M. Webster, III, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Eugene Robert Rice appeals his conviction and 120 month sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). He contends the jury verdict is not supported by sufficient evidence and also asserts that the district court gave insufficient jury instructions defining "possession" under the statute.

To determine whether there was sufficient evidence to support a conviction, this Court considers whether, taking the evidence in the light most favorable to the government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). This Court does not weigh the evidence or determine the credibility of witnesses. Rather, the jury verdict must be upheld if there is substantial evidence to support the verdict. *Id.*

Rice contends the statute requires that the possession of the firearm have present or imminent interstate impact, however, there is no such requirement. Evidence showing that the gun traveled in interstate commerce is sufficient to support a conviction. *See United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001). Therefore, Rice's stipulation at trial that the gun had traveled in interstate commerce satisfies this element.

As Rice did not timely object to the proposed jury instructions, this court reviews the district court's instructions for plain error. *See* Fed. R. Crim. Pro. 52(b); *United States v. McCaskill*, 676 F.2d 995, 1001 (4th Cir. 1982). Rice argues that the jury instruction defining "possession" under the statute was confusing and lessened the Government's burden of proof. According to Rice, the district court failed to caution the jury against convicting Rice based on his close proximity to the firearm. However, the court's instructions properly defined possession as either actual possession or the power and intention to exercise control over the firearm. *United States v. Jackson*, 124 F.3d 607, 610-11 (4th Cir. 1997). The instruction does not leave room for the confu-

sion that Rice complains of because the language specifically requires more than mere proximity to the firearm.

Rice's conviction was supported by sufficient evidence and the trial court properly instructed the jury regarding possession of a firearm. Accordingly, we affirm Rice's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*